579 A.2d 978

**COMMONWEALTH of Pennsylvania**

v.

**Chester SWARTZ, Appellant.**

Superior Court of Pennsylvania.

Submitted May 29, 1990.

Filed Sept. 12, 1990.

David R. Lipka, Plymouth, for appellant.

Richard W. Knecht, Asst. Dist. Atty., Berwick, for Com.

Before OLSZEWSKI, CERCONE and BROSKY, JJ.

CERCONE, Judge:

This is an appeal from an order of the Court of Common Pleas of Columbia County, denying appellant's motion to dismiss the charges against him. Appellant had filed a motion to dismiss on April 17, 1989 on the basis that his rights under Rule 1100 of the Pennsylvania Rules of Criminal Procedure had been violated. *See* Pa.R.Crim.P., Rule 1100, 42 Pa.C.S.A. We vacate and remand for the reasons articulated below.

On March 16, 1988, appellant was arrested in connection with a motor vehicle accident which occurred on February 29, 1988 and charged with violation of 75 Pa.C.S.A. § 3742, relating to accidents involving death or personal injury.[1] A preliminary hearing on the charge was held on April 14, 1988, and the case was bound over for trial. Also, on April 14, 1988, appellant was released on bail. In May, 1988, appellant waived formal arraignment and filed a motion to suppress. On July 15, 1988, the Commonwealth requested an extension of time for commencement of trial, which was granted by the lower court. The lower court extended the time for commencement of trial through the September, 1988 criminal term.

At the hearing on the suppression motion, February 8, 1989,[2] the Commonwealth was afforded thirty (30) days to file a responsive brief to the brief submitted by appellant. The Commonwealth did not respond until May 1, 1989. Meanwhile, on April 17, 1989, appellant filed a motion to

1. Section 3742 provides:
    *(a) General rule.*—The driver of any vehicle involved in an accident resulting in injury or death of any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of section 3744 (relating to duty to give information and render aid). Every stop shall be made without obstructing traffic more than is necessary.
    75 Pa.C.S.A. § 3742(a).

2. The docket entries and the record contain no reference to this hearing. However, the briefs of both parties indicate that a suppression hearing took place on this date.

dismiss the charges on the basis of Rule 1100. On May 24, 1989, the lower court denied appellant's motion to suppress. On October 3, 1989, appellant's motion to dismiss was denied. Appellant then filed this timely appeal from the October 3, 1989 order. On appeal, appellant contends that the lower court erred in denying his motion to dismiss because the Commonwealth violated his right to a speedy trial pursuant to Rule 1100. We will first address the appealability of the October 3, 1989 order.

The jurisdiction of this court is limited to appeals from final orders of the court of common pleas. 42 Pa.C.S.A. § 742. An order is not a "final order" unless it serves to put the litigant out of court either by ending the litigation or disposing of the case entirely. *Pugar v. Greco*, 483 Pa. 68, 394 A.2d 542 (1978). Generally, a criminal defendant may appeal only from the judgment of sentence. *Commonwealth v. Bolden*, 472 Pa. 602, 373 A.2d 90 (1977); *Commonwealth v. Reagan*, 330 Pa.Super. 417, 479 A.2d 621 (1984). "This rule prevents undue delay and avoids the disruption of criminal cases by piecemeal appellate review." *Commonwealth v. Bolden, supra,* 472 Pa. at 610, 373 A.2d at 93. An appeal before final judgment will be permitted, however, in exceptional circumstances. *Id.,* 472 Pa. at 610, 373 A.2d at 93–94. Exceptional circumstances exist "(1) where an appeal is necessary to prevent a great injustice to the defendant, or (2) where an issue of basic human rights is involved, or (3) where an issue of great public importance is involved." *Id.,* 472 Pa. at 611, 373 A.2d at 94, *quoting Commonwealth v. Swanson*, 424 Pa. 192, 194, 225 A.2d 231, 232 (1967).

The order appealed from in the instant case does not end the litigation or dispose of the case entirely. Nor has a judgment of sentence been entered in this criminal case. Therefore, the appeal is from an interlocutory order. In *Commonwealth v. Bunter*, 445 Pa. 413, 282 A.2d 705 (1971), the court found that a defendant's claim of delay in affording him his right to a speedy trial involved an issue of basic human rights, and thus, defendant could appeal from

the lower court's refusal to quash a murder indictment against him. The *Bunter* court remanded the case for a hearing on the speedy trial issue as no hearing had been held in the lower court. *Id.,* 445 Pa. at 424, 282 A.2d at 710.

In *Commonwealth v. Myers,* 457 Pa. 317, 322 A.2d 131 (1974), the court held that where a hearing had been held on the speedy trial issue, a denial of a motion to quash an indictment was a nonappealable interlocutory order. The *Myers* court distinguished *Bunter, supra,* and reasoned that where there had been a hearing in the court below on the speedy trial issue, the appellant's right to a speedy trial could be adequately protected in a review following trial. *Id.,* 457 Pa. at 319–20, 322 A.2d at 133. In addition, where the right involved is the right to a speedy trial, and the accused has been released on bail, there is "little significant prejudice" to the appellant in quashing his appeal. *Id.*[3]

In the instant case, the record reflects that the lower court did not conduct a hearing on the Rule 1100 issue which appellant raised in his motion to dismiss. Without such a hearing, appellant's right to a speedy trial will not be adequately protected in a post-trial review on appeal. *Commonwealth v. Myers, supra.* In addition, a motion to dismiss shall be denied if the court, "upon hearing," determines that the Commonwealth exercised due diligence and that the circumstances underlying the postponement of trial were beyond the control of the Commonwealth. Pa.R. Crim.P., Rule 1100, 42 Pa.C.S.A.

Since no hearing has been held on the Rule 1100 issue, we will not quash the appeal, but will vacate the order of the lower court denying appellant's motion to dismiss and remand the case to the lower court for a hearing on the speedy trial issue raised by appellant's motion. After a hearing, if the lower court again denies appellant's motion to dismiss, the case should proceed to trial on the authority

---

**3.** *Cf. Commonwealth v. Mancuso,* 247 Pa.Super. 266, 372 A.2d 454 (1977) (trial court's refusal to quash charges on Rule 1100 grounds was appealable order where lower court certified that the appeal involved a controlling issue of law). The lower court in the instant case did not provide such a certification.

of *Commonwealth v. Myers, supra,* as an appeal from such order would be interlocutory and nonappealable, and appellant has been released on bail from confinement.

Order of October 3, 1989 vacated. Case remanded to lower court for further proceedings in accordance with this opinion. Jurisdiction relinquished.