J-S01009-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JOHN HART, | : | |
| | : | |
| Appellant | : | No. 465 EDA 2014 |

Appeal from the Order January 15, 2014
in the Court of Common Pleas of Delaware County,
Criminal Division, No. CP-23-CR-0004329-2005

BEFORE:  GANTMAN, P.J., MUNDY and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:           **FILED FEBRUARY 19, 2016**

John Hart ("Hart") appeals, *pro se*, from the Order denying his Petition to Lift the Detainer and to Rescind the Bench Warrant ("Petition to Lift Detainer").  We quash the appeal as interlocutory.

In its Opinion, the trial court set forth the relevant factual and procedural history, which we adopt for purposes of this appeal.  ***See*** Trial Court Opinion, 3/25/14, at 1-9.

Before we may entertain the merits of Hart's underlying claim, we must first determine whether this Court has jurisdiction to consider the appeal.[1]  Pursuant to Pa.R.A.P. 341, an appeal may be taken as of right only from a final order.  ***See*** Pa.R.A.P. 341(a).  Generally, in criminal matters, "a ... defendant may appeal only from the judgment of sentence." ***Commonwealth v. Swartz***, 579 A.2d 978, 980 (Pa. Super. 1990).

---

[1] This Court has issued an Order directing Hart to show cause why this appeal should not be quashed as interlocutory.

Further, Rule 708 of the Pennsylvania Rules of Criminal Procedure, which applies to probation revocation hearings, makes clear that the right to appeal accrues after the court has revoked probation, imposed sentence, and advised the defendant of his appellate rights. **See Commonwealth v. Heilman**, 876 A.2d 1021, 1026 (Pa. Super. 2005); **see also Commonwealth v. Hottinger**, 537 A.2d 1, 3 n.2 (Pa. Super. 1987) (stating that the appeal period does not begin to run until the trial court imposes sentence, informs the defendant of his right to appeal, and enters the judgment on the docket).

Here, Hart challenged a detainer Order, and claims that the trial court erred by denying his request to lift the detainer. The detainer Hart challenges is an intermediary step in the probation revocation process, which involves both a **Gagnon I**[2] hearing and a **Gagnon II** hearing before a

---

[2] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

decision may be made as to whether probation should be revoked.[3]  At the time the trial court denied Hart's Petition to Lift Detainer, Hart had waived his right to a *Gagnon I* hearing; however, no *Gagnon II* hearing had yet been scheduled.  Thus, no determination has been made regarding the revocation of Hart's probation, nor has any sentence been imposed as a result of such revocation.  Accordingly, the trial court's Order denying Hart's Petition to Lift Detainer is a non-final order.

Hart disagrees, and contends that the trial court's Order denying Hart's Petition to Lift Detainer qualifies as a final order because, at the time of his appeal (1) no *Gagnon II* hearing had yet been scheduled; and (2) although a trial was scheduled on the pending charges, he had not yet been convicted of any of those charges.  *See* Appellant's Answer to February 13, 2015 Order, 3/11/15, at 2.  Hart asserts that a *Gagnon II* hearing would not be

_____

[3] In *Gagnon*, the United States Supreme Court held that a defendant accused of violating the terms of his probation is entitled to two hearings prior to formal revocation and re-sentencing.  The first hearing, a *Gagnon I* hearing, requires a determination that probable cause exists to believe that a violation has been committed.  *See Commonwealth v. Sims*, 770 A.2d 346, 349 (Pa. Super. 2001).  Where a finding of probable cause is made, a second, more comprehensive hearing, a *Gagnon II* hearing, is required before a final revocation decision can be made.  *See Sims*, 770 A.2d at 349.  The *Gagnon II* hearing requires two inquiries:  (1) whether the probationer has in fact violated one of the conditions of his probation, and, if so, (2) should the probationer "be recommitted to prison or should other steps be taken to protect society and improve chances of rehabilitation[.]"  *Id*. (quoting *Gagnon,* 411 U.S. at 784).

scheduled unless he was ultimately convicted of the new charges pending against him. *See id*.

Hart's arguments are unpersuasive. The fact that Hart had additional criminal charges pending against him, which had been held over and were scheduled for trial, underscores the interim nature of the trial court's Order denying the Petition to Lift Detainer. Although Hart had waived his *Gagnon I* hearing, a *Gagnon I* hearing is not required when the defendant has had a preliminary hearing on the crimes that led to a request to have the defendant's probation revoked. *See generally Commonwealth v. Davis*, 336 A.2d 616, 622 (Pa. Super. 1975). Here, the new criminal charges against Hart were held over for court following preliminary hearings conducted on April 4, 2012, and November 19, 2012. As noted by Hart, trial had been scheduled in both of these cases. Thus, necessarily, a determination regarding revocation of Hart's probation could not be addressed, nor any *Gagnon II* hearing conducted, until the conclusion of trial on the additional criminal charges lodged against him.

Alternatively, Hart contends that the trial court's Order denying his Petition to Lift Detainer qualifies as a collateral order, which is subject to appeal. *See* Appellant's Answer to February 13, 2015 Order, 3/11/15, at 2. Hart asserts that his probationary sentence expired on January 10, 2015, yet the detainer and bench warrant remain lodged against him. *Id*. at 4. Hart

argues that his claim that he is being illegally detained will be irreparably lost if appellate review is postponed until after trial. *Id*. at 4-5.

The trial court thoroughly addressed Hart's collateral order argument, set forth the relevant law, and determined that it lacks merit. *See* Trial Court Opinion, 3/25/14, at 9-11. We concur with the sound reasoning of the trial court, as well as its conclusion that the Order denying Hart's Petition to Lift Detainer does not qualify as a collateral order. *See id*.[4]

Because the Order denying Hart's Petition to Lift Detainer is not appealable, Hart's challenge to that Order must be quashed.

Appeal quashed.

Mundy, J., joins the memorandum.

Gantman, P.J., concurs in the result.

---

[4] Notably, Hart filed his Notice of Appeal on February 12, 2014, approximately one year into his 2-year probationary term. Thus, the certified record on appeal, which was transmitted shortly thereafter, is devoid of any developments in Hart's cases beyond this date. Although Hart has endeavored to bolster his argument by referencing events which post-date his appeal, an appellate court is constrained to consider only evidence appearing in the certified record. *See Commonwealth v. O'Black*, 897 A.2d 1234, 1240 (Pa. Super. 2006) (holding that "our review is limited to those facts which are contained in the certified record" and what is not contained in the certified record "does not exist for purposes of our review."). Moreover, to the extent that Hart may have remained incarcerated beyond his term of probation, we observe that Hart failed to post bail in one of the criminal cases for which trial was pending. *See* Trial Court Opinion, 3/25/14, at 5-6. Additionally, the trial court noted that Hart admitted that he has been arrested for yet another offense. *See id*. at 8.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/19/2016