J-S12006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PRESTON H. AVERY | |
| Appellant | No. 1819 EDA 2015 |

Appeal from the Order Dated May 15, 2015
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0003190-2010
CP-15-CR-0003513-2010

BEFORE:  MUNDY, J., OLSON, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MUNDY, J.:                    **FILED MARCH 04, 2016**

Appellant, Preston H. Avery, appeals from the May 15, 2015 order, confirming Appellant remained subject to the portion of his August 16, 2011 aggregate judgment of sentence that imposed a four-year term of probation consecutive to the incarceration portion of his sentence, which he has recently completed.  Additionally, counsel has filed a petition to withdraw her representation together with an **Anders** brief.[1]  After careful review, we quash the appeal as interlocutory and dismiss counsel's petition to withdraw.

On August 8, 2010, Appellant was charged with various offenses at criminal docket CR-3190-2010 in connection with a sexual assault, and

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See Anders v. California**, 386 U.S. 738 (1967).

various offenses at CR-3513-2010 in connection with a physical altercation with police officers who were responding to the first incident. In a prior appeal, this Court summarized the procedural history of these cases as follows.

> On April 22, 2011, Appellant filed an omnibus pretrial motion, including a request to sever the charges. The court granted the motion for severance on June 24, 2011, ordering separate trials for the charges at Nos. 3190 and 3513 of 2010. Appellant, however, did not proceed to trial. On August 16, 2011, Appellant executed a written guilty plea colloquy. That same day, Appellant entered a negotiated guilty plea to one (1) count of indecent assault at No. 3190 of 2010. Appellant also pled guilty to two (2) counts of aggravated assault and one (1) count of simple assault at No. 3513 of 2010. Following an oral colloquy, the court accepted Appellant's pleas.
>
> Immediately thereafter, the court sentenced Appellant in conformance with the plea agreement. At No. 3513 of 2010, the court sentenced Appellant to one (1) to two (2) years' imprisonment for one count of aggravated assault. The court sentenced Appellant to a consecutive term of one (1) to two (2) years' imprisonment for the second count of aggravated assault, and a consecutive term of two (2) years' probation for the simple assault conviction. At No. 3190 of 2010, the court sentenced Appellant to two (2) years' probation, consecutive to the sentences imposed at No. 3513 of 2010. Thus, the court imposed an aggregate term of two (2) to four (4) years' imprisonment, **followed by four (4) years' probation**. Appellant did not file post-sentence motions or a notice of appeal.

***Commonwealth v. Avery***, 64 A.3d 8 (Pa. Super. 2012) (unpublished memorandum) (emphasis added). Appellant filed a timely first PCRA

petition on September 23, 2011, which the trial court dismissed on May 2, 2012. On appeal, this Court affirmed.[2] *Id.* On March 11, 2014, Appellant filed a *pro se* motion to vacate his guilty pleas, which the trial court dismissed on April 25, 2014.[3]

Subsequently, Appellant served out the maximum term of the incarceration portion of his sentence and was released.[4] On March 31, 2015, the Chester County Department of Probation and Parole filed a petition to find probation/parole violation (VOP), alleging, "Appellant refuses to comply with the Court Order dated August 16, 2011, directing him to be supervised by Chester County Probation for a period of 4 years consecutive to the state sentence." Petition to Find Probation/Parole Violation, 3/31/15, at 2 ¶ 3. The trial court conducted a hearing on the VOP motion on May 1, 2015. During the hearing, Appellant appeared *pro se* with Attorney Nathan

---

[2] In his appeal from the denial of his PCRA petition, Appellant challenged the failure to merge certain offenses for sentencing, the severance of his charges, and certain continuance requests granted by the trial court to the Commonwealth.

[3] It is unclear from the record provided to this Court whether Appellant's motion was treated as a second PCRA petition. We note the certified record transmitted to this Court is woefully incomplete and contains no documents or transcripts entered prior to February 15, 2015. Had the instant appeal been from a final order and properly before us, we would be severely hampered in conducting a meaningful review. However, the record is sufficient for us to determine the threshold jurisdictional issue we raise *sua sponte*.

[4] The record is similarly unclear about precisely when Appellant was released.

Shenker, of the Chester County Public Defender's office present.[5] During the hearing, Appellant made certain objections based on sovereignty and jurisdiction, which the trial court overruled. N.T., 5/1/15, at 31. Appellant also noted that the written plea agreement was missing from the record and that if the original could be located it would show that the probation portion of his sentence did not comport with the agreement. Accordingly, Appellant argued he was not properly subject to the probation. At the conclusion of the hearing the trial court stated, "VOP is … continued and I'm going to issue an opinion after I read through all the documents…. … If I issue an opinion saying you are on probation, and then if you don't comply with the probation, then we'll have a [VOP] hearing eventually." *Id.* at 33. On May 15, 2015, the trial court issued an order determining that Appellant "is under probation for a total of four (4) years in accordance with his negotiated guilty plea." Trial Court Order, 5/15/15, at 1.

Appellant filed a *pro se* notice of appeal on June 16, 2015.[6] The trial court ordered Appellant to file a concise statement of errors complained of

_____

[5] Again, the record is insufficient to ascertain whether, in this case, Appellant waived counsel and whether the trial court adhered to Pennsylvania Rule of Criminal Procedure 121 (governing procedures a trial court must follow when a defendant waives counsel).

[6] The docket reflects that the trial court's May 15, 2015 order was mailed to Appellant on May 18, 2015. *See* Pa.R.A.P. 108(a)(1) (providing that the day of entry of an order is the date the clerk of courts mails or delivers the order to the parties). Accordingly, Appellant's notice of appeal was filed within 30 days of the entry of the order. *See* Pa.R.A.P. 903(a).

on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Appellant timely complied on July 24, 2015. The trial court filed its Rule 1925(a) opinion on September 22, 2015, wherein it referenced its opinion accompanying its May 15, 2015 order as containing the reasons for its determination. On July 23, 2015, this Court remanded the case to the trial court for a determination of Appellant's representation status and his eligibility for court appointed counsel. On October 19, 2015, current counsel, having been appointed by the trial court, entered her appearance on behalf of Appellant. On November 30, 2015, counsel filed a petition to withdraw together with an **Anders** brief.

We first address whether we have jurisdiction to entertain this appeal. "A jurisdictional challenge is typically a threshold question, with review of the substantive issues following a jurisdictional question only if the court is found to possess jurisdiction." **Commonwealth v. Williams**, 86 A.3d 771, 777 (Pa. 2014) (citation omitted). "We may raise issues concerning our appellate jurisdiction *sua sponte.*" **Commonwealth v. Gaines**, 127 A.3d 15, 17 (Pa. Super. 2015) (*en banc*) (plurality) (citation omitted).

It is long accepted that, absent specific authorization otherwise, an appeal of right may lie only from a final order. **See** Pa.R.A.P. 341(a) (providing for appeals of right from final orders and defining a final order as one disposing of all parties and all claims). In general, a criminal defendant may only appeal from the judgment of sentence. **Commonwealth v.**

*Swartz*, 579 A.2d 978, 980 (Pa. Super. 1990).  With respect to revocation

proceedings, we have stated the following.

> Pa.R.Crim.P. 708, which applies to probation revocation proceedings, implies that the right to appeal accrues after probation is revoked and sentence is imposed, at which time the defendant must be advised of his appellate rights.  Generally, probation is revoked and sentence imposed at the same hearing. However, when … sentencing is delayed, absent exceptional circumstances the defendant's right to appeal the revocation order accrues only after he is sentenced.

*Commonwealth v. Heilman*, 876 A.2d 1021, 1026 (Pa. Super. 2005)

(citations omitted).

Instantly, the trial court continued the VOP hearing and has made no

determination on the Commonwealth's motion to revoke Appellant's

probation.  *See* N.T., 5/1/15, at 33.  Furthermore, the trial court's May 15,

2015 order is not a sentencing order.  It merely interpreted the existing

August 16, 2011 sentence, and its current applicability, as a threshold issue

upon which the issues presented at the VOP hearing were dependent.  The

order did not dispose of all issues, as the questions of (1) whether Appellant

is in violation of his probation and (2) whether his probation should be

revoked, remain pending.  There being no final order in this case, we

conclude this appeal is interlocutory and we lack jurisdiction to hear it.[7]  We

are therefore compelled to quash the appeal.[8]

   Appeal quashed.  Petition to withdraw dismissed as moot.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/4/2016

---

[7] To the extent Appellant attempts to challenge the August 16, 2011 sentence, his appeal is clearly untimely. **See** Pa.R.A.P. 903(c)(3) (stating, "the notice of appeal shall be filed within 30 days of the imposition of the judgment of sentence in open court").

[8] Given our lack of jurisdiction to consider this appeal, we need not consider counsel's petition to withdraw, and accordingly, dismiss the petition as moot.