J-A07041-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MICHAEL WRIGHT | : | |
| | : | |
| Appellant | : | No. 2184 EDA 2021 |

Appeal from the Order Entered September 24, 2021
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-MD-0002273-2021

BEFORE: DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.: **FILED AUGUST 11, 2023**

Michael Wright (Appellant) appeals from the order entered in the Delaware County Court of Common Pleas, denying, without a hearing, his *pro se* motion to dismiss charges of first-degree murder[1] and related offenses, for an alleged violation of the speedy trial provisions of the Interstate Agreement on Detainers Act[2] (IAD). Appellant's subsequently appointed attorney, William Wismer, Esquire (Counsel), has filed an ***Anders***[3] petition to withdraw and brief. Counsel contends the IAD did not apply at the time Appellant sought

_____

[1] 18 Pa.C.S. § 2502(a).

[2] 42 Pa.C.S. §§ 9101-9108.

[3] ***See Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

relief because he was not serving a sentence in the other jurisdiction. Meanwhile, the trial court opines this is an interlocutory appeal, taken from a non-final order, that should be quashed. We conclude we have jurisdiction over this interlocutory appeal, but affirm the order. We also deny Counsel's petition to withdraw without prejudice to seek withdrawal before the trial court.

## I. Procedural History

On October 30, 2019, Appellant was arrested on federal drug charges and has since been held in federal custody. *See* Trial Ct. Op., 5/18/22, at 1; *Anders* Brief, Appendix B (copy of Appellant's criminal judgment in the United States District Court of the Eastern District of Pennsylvania, Docket 2:19-CR-00636-005).

On September 4, 2020, Appellant was charged in the instant matter with first-degree murder, firearms offenses, and related charges. On September 9th, he was transported to the Delaware County District Court for a hearing, where the charges were held over. Appellant was then returned to federal prison. On November 4th, Delaware County lodged a detainer against Appellant.

On September 21, 2021, Appellant filed the underlying *pro se* motion to dismiss his state charges, asserting a violation of the IAD. He argued that in violation of Articles III and IV, he was denied final disposition of his charges

within 180 days of his "release to" Pennsylvania, "the charging jurisdiction."

Appellant's Motion to Dismiss Charges, 9/21/21, at 3.

> We first note:
>
> The IAD is an agreement between [48] states, the District of Columbia, Puerto Rico, the Virgin Islands, and the United States, that establishes procedures for the transfer of prisoners incarcerated in one jurisdiction to the temporary custody of another jurisdiction which has lodged a detainer against a prisoner.

*Commonwealth v. Davis*, 786 A.2d 173, 175 (Pa. 2001) (citation omitted).

> Section 9101 of the IAD, Articles III and IV, provide:
>
> **Article III**
>
> (a) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he **shall be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court** of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint . . . .
>
> **Article IV**
>
> (a) The appropriate officer of the jurisdiction in which an untried indictment, information or complaint is pending shall be entitled to have a prisoner against whom he has lodged a detainer and who is serving a term of imprisonment . . . made available . . . upon presentation of a written request for temporary custody . . . .
>
> \* \* \*

- 3 -

(c) In respect of any proceeding made possible by this article, **trial shall be commenced within 120 days of the arrival of the prisoner in the receiving state** . . . .

42 Pa.C.S. § 9101, Art. III(a), IV(a), (c) (emphases added). "Our Supreme Court has held that Article IV of the IAD is not triggered unless the Commonwealth files a detainer against an individual **and then** files a request for custody of that individual." ***Commonwealth v. Leak***, 22 A.3d 1036, 1040 (Pa. Super. 2011), *citing **Davis***, 786 A.2d at 176.

The trial court denied the motion without a hearing on September 24, 2021, and Appellant filed a *pro se* notice of appeal on October 20th.[4]

_____

[4] On October 26, 2021, the trial court directed then-*pro se* Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, but no such statement appears in the certified electronic record. As we discuss ***infra***, on April 11, 2022, this Court directed the trial court to appoint counsel, and the trial court appointed present counsel, Attorney Wismer, on April 27th.

Attorney Wismer has attached to ***Anders*** brief his own averment, which states that in response to the Rule 1925(b) order, Appellant sent a Rule 1925(b) statement to the trial court's chambers, but did not file one of record. In any event, Attorney Wismer explained, no further order to file a Rule 1925(b) statement was issued following his appointment as counsel.

We note that generally, the failure to comply with an order to file a Rule 1925(b) statement results in waiver of all issues on appeal. ***See*** Pa.R.A.P. 1925(b)(4)(vii); ***Commonwealth v. Lane***, 81 A.3d 974, 979 (Pa. Super. 2013). Nevertheless, "[i]n determining whether an appellant has waived his issues on appeal based on non-compliance with Pa.R.A.P. 1925, it is the trial court's order that triggers an appellant's obligation . . . therefore, we look first to the language of that order." ***Rahn v. Consol. Rail Corp.***, 254 A.3d 738, 745-46 (Pa. Super. 2021) (citations omitted). Accordingly, when the court's order "is inconsistent with the requirements of Rule 1925(b)(3)(iii), we hold that the waiver provisions of subsection (b)(4)(vii) do not apply." ***Id.*** at 746 (citation omitted).
*(Footnote Continued Next Page)*

On February 11, 2022, this Court issued a *per curiam* order, directing Appellant to show cause why this appeal should not be quashed as interlocutory. **See** Pa.R.A.P. 341(a) (appeal may generally be taken as of right from any final order), (b) ("A final order is any order that . . . disposes of all claims and of all parties."). Appellant filed a *pro se* response.

Subsequently, on April 27, 2022, pursuant to this Court's directive, the trial court appointed current Counsel to represent Appellant. On July 11th, this Court directed Counsel to show cause why the appeal should not be quashed as interlocutory. Counsel responded this appeal should proceed under case authority that has permitted appeals from the denial of Pa.R.Crim.P. 600 speedy trial-motions, where there was no hearing. **See** Appellant's Response to Rule to Show Cause, 7/20/22, at 3, *citing*, *inter alia*, **Commonwealth v. Swartz**, 579 A.2d 978, 980 (Pa. Super. 1990) ("Without . . . a hearing, appellant's right to a speedy trial will not be adequately protected in a post-trial review on appeal."). This Court

---

Here, the trial court's order directed *pro se* Appellant to file a Rule 1925(b) order "with the Delaware County Office of Judicial Support." Order, 10/26/21. However, the order did not designate "the place the appellant can serve the Statement in person and the address to which the appellant can mail the Statement" as required by Subsection (b)(3)(iii). **See** Pa.R.A.P. 1925(b)(3)(iii). Notwithstanding Appellant's alleged mailing of the Rule 1925(b) statement to the trial court's chambers, because the court's order was inconsistent with the requirements of the Rule, we decline to find any waiver for Appellant's non-filing of the Rule 1925(b) statement in October of 2021.

discharged the two rule to show cause-orders, but referred the issue of appealability to the merits panel. Order, 9/6/22.

## II. Appealability of Order

Preliminarily, we review whether this Court has jurisdiction over this appeal. This Court

> has appellate jurisdiction of all appeals from final orders of the courts of common pleas. 42 [Pa.C.S. § 742.] A final order is one that ends the litigation or disposes of the entire case. In criminal cases, a defendant generally may appeal only from a judgment of sentence. . . .
>
> The rule of finality, however, is not absolute. An interlocutory order is considered final and appealable if it satisfies an exception for collateral orders. Under this exception, an order is immediately appealable if (1) it is separable from and collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost. . . . **See also** [Pa.R.A.P.] 313 . . . .

***Commonwealth v. Johnson***, 705 A.2d 830, 832 (Pa. 1998) (some citations & footnote omitted).

In the response to this Court's rule to show cause order, Counsel stated he uncovered no decisional authority allowing an appeal from an interlocutory order denying a motion to dismiss under the IAD. Appellant's Response to Rule to Show Cause at 3. However, Counsel reasoned, this Court has permitted appeals from the denial of Rule 600-speedy trial motions where there was no hearing, and the policy concerns of Rule 600 are similar to those of the IAD. We agree.

In *Swartz*, this Court held the defendant could appeal from a pre-judgment of sentence interlocutory order, which denied his motion to dismiss the charges under Pa.R.Crim.P. 1100, the predecessor to Rule 600. *Swartz*, 579 A.2d at 980-81. The Court distinguished cases in which a speedy-trial hearing was held. *Id.* at 980, *citing Commonwealth v. Myers*, 322 A.2d 131, 133 (1974) (where there was a hearing before trial court, the defendant's right to a speedy trial could be adequately protected in a review following trial). The *Swartz* Court reasoned that without a hearing, the defendant's "right to a speedy trial will not be adequately protected in a post-trial review on appeal." *Swartz*, 579 A.2d at 980.

We note Rule 600 serves two policy purposes: "(1) the protection of the accused's speedy trial rights, and (2) the protection of society." *Commonwealth v. Carl*, 276 A.3d 743, 748 (Pa. Super. 2022) (citation omitted), *appeal denied*, 2023 WL 2007969 (Pa. 2023). Meanwhile, "[t]he policy of the [IAD] is to encourage the expeditious and orderly disposition of charges and its purpose is to promote and foster prisoner treatment and rehabilitation programs by eliminating uncertainties which accompany the filing of detainers." *Commonwealth v. Destephano*, 87 A.3d 361, 364 (Pa. Super. 2014) (citation omitted). Furthermore, as Counsel noted in the response to the rule to show cause, "[b]ecause the [IAD] legislation is remedial in character, it is to be liberally construed in favor of the prisoner so as to effectuate its purpose." Appellant's Response to Rule to Show Cause at

- 7 -

5, *quoting* **Commonwealth v. Thornhill**, 601 A.2d 842, 846 (Pa. Super. 1992) (citation omitted).

We determine that Rule 600 and the IAD serve overlapping purposes — the speedy and expeditious disposition of a defendant's charges. To this end, where there was no hearing on a defendant's IAD motion to dismiss, the reasoning of **Swartz** is relevant — a defendant's "right to a speedy trial will not be adequately protected in a post-trial review on appeal." **See Swartz**, 579 A.2d at 980. Thus, we decline to quash this appeal as improperly taken.

### III. *Anders* Petition to Withdraw & Brief

Next, we review Counsel's **Anders** petition to withdraw, along with the brief addressing the merits of Appellant's IAD Act dismissal claim. When an attorney seeks to withdraw under **Anders**, we first examine the request to withdraw before addressing the merits of the issue raised on appeal. **Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). An attorney seeking to withdraw from representation on direct appeal must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant seems worthy of the court's attention.

**Id.**

Pursuant to **Santiago**, the accompanying **Anders** brief must

- 8 -

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Cartrette*, 83 A.3d at 1032, *quoting* *Santiago*, 978 A.2d at 361.

Here, Counsel's petition to withdraw states he has "conducted a thorough and conscientious examination of the entire record," as well as "applicable statutory and caselaw," and has determined the appeal would be wholly frivolous. Counsel's Motion to Withdraw as Counsel, 10/19/22, at 1-2 (unpaginated). Counsel states he provided a copy of the *Anders* brief to Appellant. Counsel has also attached a copy of a letter he sent to Appellant, which advised him of Counsel's conclusions, and of Appellant's right to retain new counsel or proceed *pro se*. We conclude Counsel has complied with the technical requirements of *Anders* and *Santiago*. *See Cartrette*, 83 A.3d at 1032. We note Appellant has not filed a response.

The *Anders* brief identifies one potential claim for our review:

> [W]hether the Delaware County Court of Common Pleas erred in denying without a hearing Appellant's Motion to Dismiss criminal charges herein because of an alleged violation of the [IAD Act].

*Anders* Brief at 3.

Counsel contends that at the time Appellant filed the *pro se* motion to dismiss the charges, September 21, 2021, the IAD Act was not applicable to

- 9 -

him. Counsel cites Section 9101, Article IV(a) (quoted above), which provides in pertinent part:

> (a) The appropriate officer of the jurisdiction in which an untried indictment, information or complaint is pending shall be entitled to have **a prisoner against whom he has lodged a detainer and who is serving a term of imprisonment** in any party state made available[.]

*See* 42 Pa.C.S. § 9101, Art. IV(a) (emphasis added). Counsel asserts the above statutory language, as well as Pennsylvania case authority, provide that the IAD Act applies only to sentenced defendants. *Anders* Brief at 7, *citing Destephano*, 87 A.3d at 364-65 ("The IAD [Act] applies only to sentenced prisoners[;]" "Article III explicitly applies 'during the continuance of the term of imprisonment' in a party state. Similarly, Article IV applies to anyone against whom a detainer has been lodged in a party state and 'who is serving a term of imprisonment.'") (citations omitted). Counsel then states that Appellant did not plead guilty to the federal charges, and was not sentenced, until January 7, 2022.[5]

## IV. Analysis

We now make an independent review of these issues and conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous." *See Commonwealth v. Yorgey*, 188 A.3d 1190, 1196 (Pa.

---

[5] As noted above, Counsel attaches a copy of Appellant's federal criminal judgment to the *Anders* brief. Counsel then requests this Court take judicial notice of the date of his federal sentencing. *Anders* Brief at 9-12.

- 10 -

Super. 2018) (*en banc*). If we agree with counsel's assessment, we "may grant counsel's request to withdraw and dismiss the appeal[.]" *Id.* (citation omitted).

In **Destephano**, the defendant was incarcerated in North Carolina when he requested, under the IAD, a final disposition on his unrelated, pending Pennsylvania charges. **Destephano**, 87 A.3d at 363. Pursuant to that request, the defendant was transferred to Pennsylvania, where he remained, and approximately two and a half months thereafter, he was formally released from his North Carolina sentence. *Id.* The defendant pleaded guilty to his Pennsylvania charges, but later filed a Post Conviction Relief Act[6] petition, arguing his counsel was ineffective for not seeking dismissal of his charges pursuant to the time requirements of the IAD. *Id.*

On appeal, the **Destephano** Court considered an issue of first impression: "whether the time limits of the IAD apply to an as-yet untried defendant being held in a receiving state once his sentence in the sending state has been discharged[.]" **Destephano**, 87 A.3d at 365. In reviewing the statutory language, the Court considered that "the IAD consistently refers to 'prisoners' and those serving a 'term of imprisonment.'"[7] *Id.*, *citing* 42 Pa.C.S. § 9101 Art. III(a), Art. IV(a). The Court reasoned:

---

[6] 42 Pa.C.S. §§ 9541-9545.

[7] The Court considered:
*(Footnote Continued Next Page)*

- 11 -

> [T]he statute clearly contemplates **application only to individuals currently serving a term of imprisonment in the sending state**. It follows that, once an individual has been discharged from his term of imprisonment in the sending state, the terms of the IAD no longer apply. Moreover, the stated purpose of the IAD, to minimize the impact of untried charges on the rehabilitative life of a prisoner, is no longer relevant once an individual is no longer serving a rehabilitative sentence.

*Destephano*, 87 A.3d at 365 (emphasis added). The Court thus concluded "that both the plain language of the IAD and the policy considerations underlying the statute militate in favor of a finding that its terms no longer apply once a prisoner has been discharged from his sentence in the sending state." *Id.* at 367-68. Accordingly, the Court held the defendant was not entitled to the trial time limits of the IAD "once he was discharged from his North Carolina sentence." *Id.* at 368.

We acknowledge the facts of this case are somewhat different. In *Destephano*, the defendant **was serving** a sentence in North Carolina, but by the time he was allegedly eligible for dismissal of his charges under the IAD, he had been "released from" that sentence. *Destephano*, 87 A.3d at

---

"The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions." 1 Pa.C.S.A. § 1921(a). The plain language of a statute is generally the best indicator of the General Assembly's intent.

*Destephano*, 87 A.3d at 365 (some citations omitted).

363. Here, in contrast, although Appellant was in federal detention when filed the motion to dismiss, he was not yet convicted of any federal charges, nor serving any sentence imposed.

Nevertheless, we find guidance in the discussion of **Destephano**. Section 9101, Article III(a) applies where, *inter alia*, "a person has **entered upon a term of imprisonment** in a penal or correctional institution of a [sending] state . . . ." 42 Pa.C.S. § 9101, Art. III(a). Additionally, Article IV(a) refers to "a prisoner against whom [the receiving jurisdiction] has lodged a detainer **and** who is serving a term of imprisonment in any party state." **See** 42 Pa.C.S. § 9101, Art. IV(a). The plain meaning of the word, "and," requires two elements to be established: (1) the receiving state has lodged a detainer under the IAD; **and** (2) the prisoner is currently imprisonment in the sending state. **See id.**

The federal criminal judgment shows Appellant was not convicted of the federal charges, and a sentence was not imposed, until January 7, 2022. Thus, at the time he filed the underlying motion to dismiss charges — on September 21, 2021, he had not entered, nor was serving, "a term of imprisonment." **See** 42 Pa.C.S. § 9101, Art. III(a), IV(a). Additionally, pursuant to Article IV(a), despite filing the detainer, the Commonwealth had not requested custody of Appellant, as evidenced by the fact he was immediately returned to federal prison following the trial court's holding over his charges. **See Leak**, 22 A.3d at 1040.

Accordingly, we agree with Counsel that Appellant had not established eligibility for relief under the IAD, and thus an appeal on this issue is frivolous. *See Cartrette*, 83 A.3d at 1032.

## V. Conclusion

In sum, we conclude Appellant's issue — that he was entitled to relief on his IAD motion to dismiss the instant Pennsylvania charges — has no merit, and this appeal is frivolous. We therefore affirm the order denying the motion.

With respect to Counsel's petition to withdraw, however, we reiterate that Appellant's instant charges have merely just been held over. There is no indication in the record that the prosecution against him, on first-degree murder and related charges, will not move forward. Accordingly, we deny Counsel's petition to withdraw, without prejudice for him to seek withdrawal before the trial court, who is in the better position to evaluate whether Appellant continues to be entitled to court-appointed counsel, and if so, whether this attorney should continue to represent him.

Order affirmed. Counsel's petition to withdraw denied without prejudice for him to seek withdrawal before the trial court. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/11/2023

- 14 -