J-S24004-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARNELL L. HINES | : | |
| | : | |
| Appellant | : | No. 677 WDA 2023 |

Appeal from the Judgment of Sentence Entered February 22, 2023
In the Court of Common Pleas of Greene County Criminal Division at
No(s):  CP-30-CR-0000331-2021

BEFORE:   BOWES, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.:                    **FILED: OCTOBER 7, 2024**

Darnell L. Hines appeals from the judgment of sentence of one to two years of incarceration following his convictions for recklessly endangering another person ("REAP") and criminal mischief.  We affirm.

Appellant was charged with various offenses after he set a fire in his cell at State Correctional Institution ("SCI") Greene on March 2, 2021.  The trial court summarized the incident thusly:

> [W]hile [Appellant] was incarcerated in the restrictive housing unit, he intentionally caused a fire in his cell.  The evidence showed, also, that [Appellant] was the only individual within that cell, and that he set fire to papers, linens, mattress, and other flammable material which were piled against the wall in his cell.
>
> Various Commonwealth witnesses established that, on the day that the fire was set, [Appellant's] cell was flooded [with sewage water], and that the floor was wet from that flooding.

---

[*] Former Justice specially assigned to the Superior Court.

Opinion and Order, 5/23/23, at 2.

Smoke from the fire filled the cell and poured out into the common area, triggering a fire alarm at SCI Greene. When corrections officers responded, Appellant "was holding a bunch of papers that were on fire on top." N.T. Jury Trial, 11/30/22, at 121. When he was advised that the officers were going to use the fire extinguisher to put out the flames, he threw the paper into the sewage water on the floor of his cell. The flames went out, but the papers continued to smolder until an officer smothered the papers with a wet jumpsuit. Once the smoke cleared, officers observed burn marks on the wall of his cell.

Appellant filed a motion to dismiss pursuant to Rule 600 on November 29, 2022, the same day scheduled for jury selection. The trial court declined to schedule a hearing on the motion until after trial, instead proceeding directly to jury selection. No objections to this procedure were lodged. Following a two-day trial, which began on November 30, 2022, Appellant was found guilty of REAP and criminal mischief but acquitted of arson and simple assault. The court imposed the above-referenced sentence on February 22, 2023. Thereafter, Appellant sought leave to file a post-sentence motion *nunc pro tunc*, which the court granted. On March 28, 2023, Appellant filed said motion, as well as another Rule 600 motion, and the court finally held the hearing on his pre-trial motion to dismiss. Since the individual representing the Commonwealth was emergently covering the case for another attorney, the court continued the hearing to April 17, 2023, so the Commonwealth could

produce evidence of its due diligence. However, no further evidence was produced at the April hearing. After giving the parties an opportunity to brief their positions, the court denied by separate orders Appellant's Rule 600 motion and post-sentence motion.

This timely appeal followed. Appellant complied with the court's order to file a Pa.R.A.P. 1925(b) concise statement of errors. In lieu of a Rule 1925(a) opinion, the trial court directed us to the reasoning it supplied in various orders to support its rulings. In his brief, Appellant presents the following two issues for our consideration:

I.    Where the trial commenced more than one year after the conclusion of the COVID emergency of 2020-2021 should [Appellant] be discharged pursuant to Rule 600 where the Commonwealth took no action to prioritize this case for trial or seek to list it for pretrial management conference, or for jury selection?

II.   Was the evidence sufficient to conclude that the reckless action of [Appellant] in trying to get the attention of correctional staff about the sewage water seeping in his cell, by burning cardboard and bedding in his single concrete cell in a maximum security prison causing a fire that was put out with the flooded sewage water where there was no prisoner or staff person in danger of serious bodily injury or death?

Appellant's brief at 8.

We begin with Appellant's speedy trial challenge, which we review for an abuse of discretion. *See Commonwealth v. Womack*, 315 A.3d 1229, 1237 (Pa. 2024). "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the

judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will[,] discretion is abused." *Id*. (cleaned up). In conducting our review, we are "limited to the trial court's findings and the evidence on the record, viewed in the light most favorable to the prevailing party." *Id*. (cleaned up).

By way of background, we note that Rule 600 was enacted to protect a defendant's rights to a speedy trial pursuant to the United States and Pennsylvania constitutions, as well as "society's right to effective prosecution in criminal cases." *Id*. (cleaned up). Our review is conducted cognizant of these dual rights, as well as "to restrain those guilty of crime and to deter those contemplating it." *Id*. (cleaned up). The rule itself provides, in pertinent part, as follows:

**(A) Commencement of Trial; Time for Trial**

(1) For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or *nolo contendere*.

(2) Trial shall commence within the following time periods.

(a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

. . . .

**(C) Computation of Time**

(1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must

- 4 -

commence. Any other periods of delay shall be excluded from the computation.

. . . .

(3)(a) When a judge or issuing authority grants or denies a continuance:

(i) the issuing authority shall record the identity of the party requesting the continuance and the reasons for granting or denying the continuance; and

(ii) the judge shall record the identity of the party requesting the continuance and the reasons for granting or denying the continuance. The judge also shall record to which party the period of delay caused by the continuance shall be attributed, and whether the time will be included in or excluded from the computation of the time within which trial must commence in accordance with this rule.

. . . .

**(D) Remedies**

(1) When a defendant has not been brought to trial within the time periods set forth in paragraph (A), at any time before trial, the defendant's attorney, or the defendant if unrepresented, may file a written motion requesting that the charges be dismissed with prejudice on the ground that this rule has been violated. A copy of the motion shall be served on the attorney for the Commonwealth concurrently with filing. The judge shall conduct a hearing on the motion.

Pa.R.Crim.P. 600.

As succinctly explained by our Supreme Court, a "defendant who has not been brought to trial within the time specified in Rule 600(A) may, at any time prior to trial, file a written motion requesting that the charges be dismissed with prejudice on the ground that the rule has been violated." ***Commonwealth v. Harth***, 252 A.3d 600, 615 (Pa. 2021) (cleaned up).

Then, "[i]f the trial court determines that the Commonwealth violated Rule 600, it shall dismiss the charges and discharge the defendant." *Id*. (cleaned up). Since Rule 600 concerns the protection of basic human rights, a defendant may appeal the pre-trial denial of a speedy trial motion when the trial court issues such an order without first conducting a hearing. *See Commonwealth v. McGeth*, 622 A.2d 940, 945 (Pa.Super. 1993) (holding that the defendant could have immediately appealed the pre-trial order denying his Rule 1100 motion, the predecessor to Rule 600, without a hearing because the motion "raise[d] an issue of basic human rights" (citation omitted)); *but see Commonwealth v. Johnson*, 705 A.2d 830, 833 (Pa. 1998) ("As long as there has been a hearing in the court below on the speedy trial issue, the right to a speedy trial can be adequately protected in a review following trial." (citation omitted)).

Presently, Appellant filed a Rule 600 motion to dismiss the morning jury selection was set to begin, *i.e.*, before trial commenced. *See* Pa.R.Crim.P. 600, *Comment* ("A trial commences when the trial judge determines that the parties are present and directs them to proceed to *voir dire* or to opening argument[.]"). The trial court decided to neither hold a hearing nor rule on the motion. Instead, it proceeded with the scheduled jury trial and did not hold a hearing on Appellant's Rule 600 motion until after he was convicted and sentenced.

Although Appellant does not challenge this procedural irregularity, we address it because it runs afoul of our jurisprudence. As set forth above, the

trial court must preside over a hearing once a Rule 600 motion is filed. **See** Pa.R.Crim.P. 600(D)(1) ("The judge shall conduct a hearing on the motion."). Notably, had the court denied the motion without a hearing, Appellant could have immediately appealed to this Court so that the matter could be remanded for a hearing prior to trial. **See Commonwealth v. Swartz**, 579 A.2d 978, 980–81 (Pa.Super. 1990) (declining to quash appeal because no hearing had been held before the court denied Swartz's speedy trial motion and instead vacating the order and remanding for the court to conduct a hearing). Given the sacrosanct nature of the rights protected by Rule 600 and the ability to appeal **before** final judgment if a court denies a motion to dismiss without a hearing, we clarify that the hearing the judge is required to hold upon the filing of the motion pursuant to Rule 600(D)(1) must happen **before** trial begins. By holding Appellant's motion in abeyance until after a jury found him guilty, the trial court deprived him of his right to a pre-trial hearing to ascertain whether he was being brought to trial within a constitutionally reasonable time. Likewise, declining to rule on the motion after deciding not to hold a hearing foreclosed Appellant's ability to immediately appeal to this Court. Thus, the trial court abused its discretion.[1]

_____

[1] We understand if the court was frustrated with facing the prospect of conducting a Rule 600 hearing at the eleventh hour. However, our rules do not require a motion to be filed at any particular time, only "at any time prior to trial." Rule 600(A). Appellant complied with that requirement by filing the motion before jury selection began. As discussed, this triggered the court's responsibility to determine whether Appellant's speedy trial rights had been
*(Footnote Continued Next Page)*

Nonetheless, that does not end our inquiry. As we observed in **McGeth**, a defendant is not entitled to relief for the court's failure to conduct a pre-trial hearing when there has been no prejudice. For example, relief was not warranted in **McGeth** because he did not put forth any arguments requiring a hearing, and we found that if the court had conducted a hearing, the docket entries clearly indicated that "all the delays were excludable in favor of the Commonwealth" and that his petition, therefore, "was meritless on its face." **McGeth**, 622 A.2d at 945.

Here, the court eventually conducted a Rule 600 hearing and found no merit to Appellant's motion to dismiss. It calculated that Appellant was timely brought to trial due to exclusions resulting from emergency orders suspending Rule 600 during the COVID-19 pandemic, and continuances concerning Appellant's use of advanced communication technology, which the court found to be outside the Commonwealth's control. **See** Opinion an Order, 5/12/23, at 5-6.

Our review of the record confirms that Appellant's trial commenced before the adjusted mechanical run date of December 27, 2022. He was charged by criminal information amid the COVID-19 pandemic. The parties all agree that the relevant pandemic-related orders suspending Rule 600 expired on August 31, 2021. Excluding this time, Appellant's mechanical run

---

violated before subjecting him to a trial. Indeed, we question the purpose of a pre-trial motion to dismiss for a violation of speedy trial rights if the defendant nonetheless has to first be put through the allegedly violative trial. Surely, common sense requires otherwise.

date became August 31, 2022, approximately three months before his trial began. *See Commonwealth v. Lear*, 290 A.3d 709, 719 (Pa.Super. 2023) ("If an order unambiguously suspends Rule 600 without qualification, then the period of the suspension is added to the run date without considering the Commonwealth's diligence." (citation omitted)).[2]   While Rule 600 was suspended, Appellant asked for a continuance of his preliminary hearing to September 30, 2021, making his adjusted run date instead September 30, 2022.

Thereafter, Appellant requested and was scheduled to appear by video conference from SCI Greene. However, he did not attend the scheduled call of the criminal trial list on January 14, 2022. *See* Order, 1/20/22 (rescheduling remote hearing because Appellant "refused to leave his cell"). The matter was rescheduled to February 15, 2022, but then continued again

---

[2] We observe that our Supreme Court has granted review of this case to answer the following question:

> Whether a court must assess the Commonwealth's due diligence during a worldwide pandemic for purposes of Rule 600 before it excludes delay attributable to a local judicial emergency during which the president judge cancelled and suspended all trials, suspended Rule 600 and otherwise excluded judicial delay caused by the judicial emergency, and implemented strict procedures to protect the public?

*Commonwealth v. Lear*, 305 A.3d 541 (Pa. 2023). Until such time as our High Court has ruled otherwise, it remains the law of this Commonwealth that during any period where Rule 600 is unconditionally suspended, the trial court must exclude that time for purposes of calculating Rule 600 regardless of the diligence exercised by the Commonwealth during the same period.

once the court learned that counsel had not had an opportunity to speak confidentially with Appellant between the January and February hearings. **See** Order, 2/15/22. The call of the trial list occurred on April 12, 2022, at which time the parties indicated that it would be premature to schedule a trial because pre-trial matters were still progressing. **See** Order, 4/14/22. The eighty-eight-day continuance from January 14, 2022 to April 12, 2022, is excluded, pushing the adjusted run date to December 27, 2022.[3]

Based on the foregoing, Appellant's jury trial in November occurred before the adjusted mechanical run date. Since none of the delays was attributable to the Commonwealth, the court did not need to ascertain the Commonwealth's diligence in bringing Appellant to trial. Accordingly, the trial court did not abuse its discretion in denying Appellant's motion to dismiss.

Appellant next challenges the sufficiency of the evidence to sustain his REAP conviction because he alleges that the Commonwealth failed to prove beyond a reasonable doubt that "any other person was in danger of death or serious bodily injury."[4] Appellant's brief at 21 (cleaned up). He insists that

_____

[3] Although trial started before this date and therefore it is clear that his speedy trial rights were not violated, we note that an additional fifty-six days should be excluded from the calculation because Appellant failed to appear for a pre-trial conference in September. **See** Order, 9/16/22. This extended his adjusted run date to February 21, 2023.

[4] Within this argument section, Appellant states that he is challenging both the sufficiency and weight of his REAP conviction. **See** Appellant's brief at 22. Although he preserved the issue in his post-sentence motion, his Rule 1925(b) statement and the questions listed in his brief only concern the sufficiency of
*(Footnote Continued Next Page)*

the fire was easily put out and nobody, not even himself, "was in any actual danger from the small fire confined to the single cell occupied by [Appellant]." *Id*. at 23.

We consider this issue mindful of the following legal principles:

When reviewing a challenge to the sufficiency of the evidence, we evaluate the record in the light most favorable to the Commonwealth as verdict winner, giving it the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Any doubt about the defendant's guilt is to be resolved by the fact-finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances. Additionally, the Commonwealth may sustain its burden solely by means of circumstantial evidence.

*Commonwealth v. Lake*, 281 A.3d 341, 345–46 (Pa.Super. 2022) (cleaned up).

---

the evidence, and his purported weight argument comprises a single sentence. *See* Rule 1925(b) Statement, 7/5/23 (challenging Rule 600 denial, jury instructions, and sufficiency); Appellant's brief at 8 (presenting second issue as a sufficiency challenge), 25-26 (arguing that "even if the evidence is sufficient, a glance at the video showing the response of the staff, and the testimony about the video at trial, especially the carrying of the fire extinguisher which was set on a table outside the [*sic*] or the smoke, makes this a case where the verdict is against the weight of the evidence"). Thus, Appellant has thrice waived any weight challenge on appeal. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the [concise s]tatement . . . are waived."); Pa.R.A.P. 2116 ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."); *Commonwealth v. Johnson*, 985 A.2d 915, 925 (Pa.Super. 2009) (finding issues waived where the defendant's single-sentence arguments were woefully underdeveloped and therefore unreviewable).

To sustain a REAP conviction, the Commonwealth was required to prove that Appellant "recklessly engage[d] in conduct which place[d] or may place another person in danger of death or serious bodily injury." 18 Pa.C.S. § 2705. We have explained that the elements of REAP require the Commonwealth "only [to] establish that the defendant's conduct placed **or may have placed** another in **danger** of serious bodily injury or death." **Commonwealth v. Cordoba**, 902 A.2d 1280, 1288–89 (Pa.Super. 2006) (emphases in original, citation omitted). We have defined danger as "the possibility of suffering harm or injury," and "the state of being exposed to harm." **Id**. at 1289 (cleaned up). Thus, the Commonwealth need only prove "that there may have been the possibility or risk of harm, regardless of the likelihood of the manifestation of that harm." **Id**.

Appellant likens the evidence in his case to that presented in **Commonwealth v. Trowbridge**, 395 A.2d 1337 (Pa.Super. 1978), where this Court determined that "a person who merely aimed an unloaded BB gun did not possess an actual present ability to create a danger of death or serious bodily harm." Appellant's brief at 23. We find this comparison inapt. Appellant did not hold aloft flammable materials and abstractly threaten to set them on fire without the ability to do so, thereby only creating the specter of danger. **Cf. Commonwealth v. McCoy**, 199 A.3d 411, 420 (Pa.Super. 2018) (finding evidence insufficient to sustain REAP conviction where the risk of a fire at McCoy's marijuana growth operation was speculative and only could have affected McCoy as the building was otherwise unoccupied). Rather, he

devised a way to start a fire in his cell, causing physical damage to the walls and producing sufficient smoke to come "rolling out" of his cell and set off the fire alarm. *See* N.T. Jury Trial, 11/30/22, at 53; Opinion and Order, 5/23/23, at 4.

Stated simply, the lack of injuries and relative ease of extinguishing the fire did not negate the danger of serious bodily injury posed to others by setting the papers alight in the first place. Moreover, Appellant's contention that any potential damage was confined solely to his cell is belied by the fact that he created sufficient smoke to billow out from his cell door and trigger the fire alarm. The evidence presented established beyond a reasonable doubt that Appellant's conduct of setting the fire in his cell placed or may have placed other inmates or corrections officers in danger of death or serious bodily injury from the fire or smoke inhalation. Accordingly, we affirm his REAP conviction.

Finding no reason to discharge Appellant, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 10/7/2024